**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

UNITED STATES OF AMERICA,      :
                               :
                               :
                               :
     v.                    : Crim. No. 05-215 (EGS)
                               :
                               :
WAYNE MORRIS                :
                               :
        Defendant.

_____

**O R D E R**

In this case, the defendant was arraigned on **JUNE 15, 2005.** Therefore, Under the Speedy Trial Act, 18 U.S.C. Section 3161 *et seq.*, defendant must be brought to trial on or before **OCTOBER 13, 2005**, unless either party moves to exclude time pursuant to 18 U.S.C. Section 3161(h).

Pursuant to the Status Hearing held on **AUGUST 19, 2005**, it is by the Court hereby

**ORDERED** that the parties shall file all motions and all notices required by the Federal Rules of Evidence by no later than **SEPTEMBER 16, 2005**; and it is

**FURTHER ORDERED** that responses to motions shall be filed by no later than **SEPTEMBER 30, 2005**; and it is

**FURTHER ORDERED** that replies to responses shall be filed by no later than **OCTOBER 14, 2005**; and it is

**FURTHER ORDERED** Status Hearing is scheduled for **SEPTEMBER 13, 2005** at **12:30 p.m.** in Courtroom One; hearing on pending motions is scheduled for **NOVEMBER 2, 2005** at **11:00 A.M.** A trial date is not scheduled at this time; and it is

**FURTHER ORDERED** that in the event that defense counsel files no motions, it is the Government's burden to bring this to the attention of the courtroom deputy, or the undersigned judge's chambers, so that further proceedings, including an alternate trial date, as appropriate, may be scheduled. *See United States v. Wright*, 6 F.3d 811, 815 (D.C. Cir. 1993); and it is

**FURTHER ORDERED** that parties are directed to review the jury voir dire questions attached hereto, and confer in good faith in an effort to submit a joint list of any **additional** voir dire questions the parties may wish to propose via email to chambers sullivan@dcd.uscourts.gov in Word Perfect, non-PDF format by no later than **seventy-two (72) hours prior to the date set for trial.** If counsel are unable to agree on a joint list of additional voir dire questions, counsel shall file individual lists of additional voir dire questions via email in Word Perfect, non-PDF format by no later than **seventy-two (72) hours prior to the date set for trial**; and it is

**FURTHER ORDERED** that the parties are directed to confer in good faith in an effort to submit a joint list of proposed jury

instructions, **including the full text of instructions tailored to the instant case**, to the Court via email to chambers sullivan@dcd.uscourts.gov in Word Perfect, non-PDF  format by no later than **seventy-two (72) hours prior to the date set for trial**.  If counsel are unable to agree on a joint list of proposed jury instructions, counsel shall file individual proposed jury instructions via email in Word Perfect. non-PDF format by no later than **seventy-two (72) hours prior to the date set for trial**; and it is

    **FURTHER ORDERED** that the parties are directed to confer in good faith in an effort to submit a joint, concise, neutral statement of the case to the Court via email to chambers sullivan@dcd.uscourts.gov  in Word Perfect, non-PDF format by no later than **seventy-two (72) hours prior to the date set for trial**. If counsel are unable to agree on a statement of the case, counsel shall file individual proposed statements of facts, including a preliminary jury instruction

regarding the defendant's theory of the case, via email in Word

Perfect, non-PDF format by no later than **seventy-two (72) hours prior to the date set for trial,** and it is

    **FURTHER ORDERED** that the parties are directed to contact the Courtroom Technology Administrator, John Cramer, regarding the use of evidence-presentation technology or equipment no later than twenty-one (21) days prior to trial, Mr. Cramer can be reached at 202-354-3019.

Date: August 19, 2005         **EMMET G. SULLIVAN**
                                      **UNITED STATES DISTRICT JUDGE**

Notice:
Tonya Sulia, AUSA
Carlos Vanegas, FPD

4

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**UNITED STATES OF AMERICA**

                                                      **Cr.:00-000 (EGS)**

               **v.**

                                                      **Trial: 0-0-00**

_____/

### <u>VOIR DIRE QUESTIONS</u>

1.   The United States alleges that [description of case]. Based on the Court's description of this case, does any member of the jury panel believe that he or she knows anything about this case?

2.   The government alleges that the events set forth in the indictment occurred at or near _____. Does any member of the panel live or work in or near that location or have anything other than a general familiarity with that location?

3.   Introduction of the defendant.  Does anyone know the defendant?

4.   The government is represented by Assistant United States Attorney _____. Does any member of the panel know _____? [The defendant]  is represented by _____. Does any member of the panel know _____?

5.   During the government's case, you may hear testimony
     from or about the following persons: [list to be
     provided at trial]. Does any member of the panel know
     any of these witnesses?

6.   The defendant is presumed innocent of the charges
     against him and has no obligation to call any
     witnesses. He may, however, call some or all of the
     following witnesses. [list to be provided at trial].
     Does anyone know any of these witnesses?

7.   Do any of you know other potential jurors in this
     courtroom as a result of prior associations?

8.   A number of the government's proposed witnesses are law
     enforcement officers. Would any of you tend to give
     either more or less weight to the testimony of a law
     enforcement officer simply because he or she is a law
     enforcement officer?

9.   Do you tend to believe that the police are not
     trustworthy, or that they tend to fabricate information
     or evidence?

10.  Have any of you, any members of your immediate family,
     or any close friends, had an experience with the
     police, or with any person associated with or employed
     by the United States Attorney's Office or the Court,

which would make it difficult for you to be a fair and impartial juror in this case?

11.  Have you or any of your immediate family or any close friends ever worked, or currently have an application pending, in any capacity, for any type of law enforcement agency, including the Metropolitan Police Department, the Federal Bureau of Investigation, the Drug Enforcement Administration, the United States Marshal's Service, the Secret Service, the United States Park Police, the Immigration and Naturalization Service, or any other law enforcement agency?

12.  Have you or any of your immediate family or any close friends ever worked, or currently have an application pending, in any capacity, for prosecutor's office? (That can include the Department of Justice, a United States Attorney's Office, the Office of Corporation Counsel for the District of Columbia, or any state or county attorney's office)

13.  Have any of you (or your immediate family or close friends) been employed in a prison, jail, department of corrections, probation office or parole agency?

14.  Do any of you now belong to or participate in, or have you within the past five years belonged to or participated in, any crime prevention group, such as

7

neighborhood watch organizations, orange hat groups, or any other crime prevention group?

15. Has any member of the jury panel, or any of your immediate family members or close friends, studied law or had any legal training? This would include law school, paralegal training or any post-graduate legal training.

16. Have you or any of your immediate family or any close friends ever worked, in any capacity, with or for a defense attorney or an investigator working for a defense attorney, or for any entity that has brought an action against the United States or any federal agency? Have you or any of your immediate family or any close friends ever been involved in any way in the defense of a criminal case?

17. Has any member of the jury panel ever served as a juror in the trial of a criminal case in federal court, a District of Columbia Court, or in a court located in another state?

18. Has any member of the jury panel ever served as a grand juror?

19. Anyone who is selected to serve on this jury will take an oath to follow the law as instructed by this Court. Is there anyone who for any reason would not be able to

accept and follow the Court's instructions regarding the law?

20. To reach a verdict, every juror must agree on the verdict. That is any verdict must be unanimous. Would any of you have difficulty with this principle?

21. **[If applicable]** As I indicated, the defendant has been charged in an indictment returned by a Grand Jury. Let me take this opportunity to advise you that an indictment is just a formal way of informing the defendant of the nature of the charges against him. You are not to consider the indictment as any indication of guilt.

   a. Do any of you now have any opinion as to the defendant's guilt or innocence?

   b. Do any of you feel that because the defendant has been indicted he is probably guilty?

   c. **[If applicable]** The indictment indicates that the defendant has been previously convicted of an offense punishable by imprisonment for a term exceeding one year. Would this information prejudice you against the defendant?

22. The defendant in this case -- like all defendants -- is presumed innocent unless and until the government

proves his guilt beyond a reasonable doubt.  A defendant does not need to testify, call any witnesses or produce any evidence  whatsoever to prove his or her innocence. If you are selected as a juror in this case, how many of you will have difficulty applying this rule of law?

23.  Do any of you feel that if a defendant does not testify, or does not offer any evidence,  that he or she is more likely to be guilty?

24.  Has any member of the jury panel, or any of your immediate family or close friends, been a witness to, a victim of, or arrested for and/or charged with a crime within the last 10 years?

25.  Is there any member of the jury panel who has any moral, religious or philosophical beliefs which would make it difficult to pass judgment on another person or to render a judgment in this case based solely upon the evidence presented during the trial?

26.  Is any member of the panel physically or visually challenged?

27.  This trial will last approximately __ days.  Is there any member of the jury panel who has an urgent or extremely important matter to attend to in the next few

days such that he or she would be faced with a hardship
if selected for the jury in this case?

28. Do any of you know of any other reason, even if not
covered by the Court's questions, why you could not or
should not sit as a juror in this case, or why you
could not render a fair and impartial verdict based
upon the evidence and the law as you shall hear it?

**In cases involving firearm charges,**

29. This case involves allegations of possession of a
firearm and ammunition.  Would the nature of this
charge make it difficult for any member of the panel to
sit fairly and impartially as a juror?

30. Do any of  you have such strong feelings about guns or
the prosecution of gun offenses such that it would be
difficult for you to sit fairly and impartially as a
juror?  This includes a belief that it should be legal
to possess guns in the District of Columbia, a belief
that either too much or too little effort is spent on
the prosecution of gun offenses or that the penalties
assigned those offenses are either too severe or too
lenient.

**In cases involving charges of possession of controlled
substances,**

11

31.  This case involves allegations of possession of a
     controlled substance, and/or the delivery of a
     controlled substance, and/or possession a controlled
     substance with the intent to deliver it, and/or
     conspiracy to possess a controlled substance with the
     intent to deliver it.   Would the nature of those
     charges make it difficult for any member of the panel
     to sit fairly and impartially as a juror?

32.  Do any of you disagree with the prosecution of drug
     offenses? Or do you have strong feelings about drug
     offenses? This includes a belief that either too much
     or too little effort is spent on the prosecution of
     drug offenses or that the penalties assigned those
     offenses are either too severe or too lenient.

33.  Do any of you feel that the use or possession of some
     drugs should be legalized  in the District of Columbia
     and therefore feel that you would be unable to render a
     fair and impartial verdict?